IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ALTON CANNON, also known as Sharif Mozaar Mustafa El Bey, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Civ. Action No. 08-784-GMS<br>) |
| TARGET STORES, TINA STAPLEY, and TERI APPILO,[*] | )<br>)<br>) |
| Defendants. | ) |

**MEMORANDUM**

## I. INTRODUCTION

The plaintiff Alton Cannon ("Cannon") filed this discrimination lawsuit on October 20, 2008. He appears *pro se* and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 4.)

## II. BACKGROUND

The court screened Cannon's complaint pursuant to 28 U.S.C. § 1915 and issued a service order on February 11, 2009. Cannon was required to submit USM-285 forms in order to effect service. Cannon submitted the USM-285 forms and service packets were sent to the U.S. Marshal Service on February 19, 2009 and March 23, 2009.

The court docket reflects the defendant Target Stores ("Target") refused service indicating that the corporate office needed to be served and the USM-285 was returned unexecuted. (D.I. 13.) Target was personally served on June 12, 2009. (D.I. 26.) The defendant Tina Stapley ("Stapley") was served on March 11, 2009, and the defendant Teri Apollo

---

[*] Correctly named as Teri Apollo.

("Apollo") was served on April 22, 2009. (D.I. 14, 21.) Now before the court are the defendants' motions to quash and to dismiss for insufficient process and insufficient service of process. (D.I. 16, 22, 28.)

### III. DISCUSSION

The defendants have filed identical motions. They argue that the complaint should be dismissed for insufficiency of process as each defendant was not served with a valid summons issued by the Clerk of Court, resulting in no personal jurisdiction over each defendant. (D.I. 17, 23, 29.) They further argue that Cannon's *pro se* status does not excuse his failure to obtain a valid summons and effectuate proper service as is required by Fed. R. Civ. P. 4(a).

A summons must be served with a copy of the complaint. Fed. R. Civ. P. (c)(1). Rule 4(c)(3) provides, however, that the court must order that service be made by a United States marshal or deputy marshal if the plaintiff is authorized to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Fed. R. Civ. P. 4(c)(3). Plaintiff was granted leave to proceed *in forma pauperis* and ordered to submit USM-285 forms so that the U.S. Marshal could effect service upon the defendants. Typically, at the time of service, the U.S. Marshal service requests a waiver of summons pursuant to Fed. R. Civ. P. 4(d). An individual or corporation that is subject to service pursuant to Rule 4(e) (i.e., service of an individual within a judicial district of the United States) or Rule 4(h) (i.e., service of a corporation) has a duty to avoid unnecessary expenses of service and if waiver is refused, the court must impose expenses. Fed. R. Civ. P. 4(d)(1) and (2).

Unfortunately, the service order omitted the paragraph requiring the U.S. Marshal to serve a "Notice of Lawsuit" form and "Return of Waiver" form upon the defendants.

As the defendants are aware, Cannon proceeds *in forma pauperis* and, therefore, must rely upon the court to issue a service order and the U. S. Marshal Service to effect proper service of the summons and complaint. *See* 28 U.S.C. § 1915(d) (stating that where a plaintiff is proceeding *in forma pauperis*, "the officers of the court shall issue and serve all process, and perform all duties in such cases"). Cannon had nothing to do with the failure to serve summons or a waiver of summons upon the defendants. Indeed, he timely complied with all court orders and deadlines. Dismissal for insufficient process and insufficient service of process is not proper. Therefore, the court will deny the defendants' motions and exercises its discretion to extend the time for service. *See* Fed. R. Civ. P. 4(m)(citing ); *MCI Telecomm. Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1098 (3d Cir. 1995); *Daniels v. Correctional Med. Services*, 380 F. Supp. 2d 379, 384 (D. Del. 2005).

## IV. CONCLUSION

The court will deny the defendants' motions and will issue a supplemental service order. The plaintiff will be required to serve the complaint, without its exhibits. As evidenced by their filings, the defendants have in their possession complete copies of the complaint and its exhibits.

An appropriate order will be entered.

_____
CHIEF, UNITED STATES DISTRICT JUDGE

August 3, 2009
Wilmington, Delaware

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ALTON CANNON, also known as Sharif Mozaar Mustafa El Bey,<br><br>            Plaintiff,<br><br>    v.<br><br>TARGET STORES, TINA STAPLEY, and TERI APPILO,*<br><br>            Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) Civ. Action No. 08-784-GMS<br>)<br>)<br>)<br>)<br>)<br>) |

**ORDER**

At Wilmington this 3rd day of _____, 2009, for the reasons set forth in the Memorandum issued this date;

1. The defendant Tina Stapley's motion to quash and to dismiss for insufficient process and insufficient service of process is **denied**. (D.I. 16.)

2. The defendant Teri Apollo's motion to quash and to dismiss for insufficient process and insufficient service of process is **denied**. (D.I. 22.)

3. The defendant Target Store's motion to quash and to dismiss for insufficient process and insufficient service of process is **denied**. (D.I. 28.)

_____
CHIEF, UNITED STATES DISTRICT JUDGE

---

*Correctly named as Teri Apollo.